No. 371
McGUCKIN and TOBIN v. ANDERSON
Ohio Appeals, 9th Dist., Summit County
559. FRAUDULENT REPRESNETATIONS—Contract for the purchase of land may be rescinded on the ground of false representation as to platting and recording same.
PER CURIAM.
Epitomized Opinion
Published Only in Ohio Law Abstract

Anderson bought, under land contract, certain land through the agents of McGuckin and Tobin, and after paying a considerable part of the purchase price, brought this action to rescind and recover what he had paid, on the ground that he was induced to enter into the contract by false and fraudulent representation, that the lot was in an allotment duly created, the plat of which was on record, and that the lot fronted on a legally constituted street in Akron. As a matter of fact, there was no such allotment, and the lot did not front on a legally constituted street. The facts were not in dispute. Judgment was rendered for Anderson. In affirming the judgment, the Court of Appeals held:

1. "The legislature recognizing the chance of fraud being perpetrated under like or similar circumstances, provided in 3588 GC. a penalty to be assessed against a proprietor or his agent or attorney, who sells a lot or lots in a plan of subdivision before a map or plat of such subdivision has been recorded as required by law. We are unanimously of the opinion that the judgment below was fully warranted by the uncontradicated evidence shown by the record."

Attorneys—Mottinger & Evans, for McGuckin and Tobin; Naef & McIntosh, for Anderson; all of Akron.

No. 372
SO. OHIO SAV. & TR. CO., Admr., v. TAXIS
No. 570. Decided Dec. 6, 1923
Ohio Appeals, 2d Dist., Montgomery County
681. JURISDICTION—Action against owner of motor vehicle for injury may be maintained against his administrator, in another county, where he resides.
BY THE COURT.
Epitomized Opinion
Published Only in Ohio Law Abstract

William Taxis brought suit and recovered judgment for personal injuries inflicted by the owner of a motor vehicle.

The action was brought in Montgomery county, where the plaintiff resided. The owner having died, his administrator was made defendant. The owner resided in Hamilton county and his administrator was appoined and resided in Hamilton county.

Summons was issued in Montgomery county and served in Hamilton county.

Objection to the jurisdiction over the person of the defendant was made by motion at the inception of the case and later by answer. These objections were overruled and jurisdiction retained. The sole question presented is one of personal jurisdiction.

Under a liberal construction of 6308 GC., which gives jurisdiction over actions of this kind in the county where the plaintiff resides, we are of opinion that the objections to the jurisdiction over the defendant were properly overruled.

Judgment affimed.

Attorneys—DeCamp, Sutphin & Brundige, Cincinnati, and Virgil Z. Dorfmeier, Dayton, for administrator; W. E. Rhotehamel and I. L. Jacobson, Dayton, for Taxis.